# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**D.B.,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 6:13-cv-434-Orl-31DAB**

**ORANGE COUNTY, FLORIDA, JOHN C. DAVIS, JOHN DOES 1-13, JOSH BAILEY,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 14) filed by Defendant John Davis ("Davis"), the response in opposition (Doc. 27) filed by the Plaintiff, D.B., and the reply (Doc. 28) filed by Davis.

The instant Section 1983 case grows out of a sexual assault committed by Defendant Josh Bailey ("Bailey") against D.B. on December 8, 2008, while both were incarcerated at the Orange County Jail. Davis was a corrections officer at the jail on that date.

D.B. filed this suit in state court on December 7, 2012, one day before the statute of limitations was set to run. Orange County, Bailey, and a number of John Does were named as defendants; Davis was not. On February 25, 2013, D.B. filed an amended complaint (Doc. 1), naming Davis as a party for the first time. On March 18, 2013, Davis removed the case to this court.

Davis now seeks summary judgment on the grounds that, as to him, the statute of limitations ran before he was sued. Naming a John Doe defendant does not preserve a claim

against a later-named defendant when the amended complaint is filed after the expiration of the statute of limitations. *Wayne v. Jarvis*, 197 F.3d 1098 at 1102-03 (11th Cir. 1999), *overruled on other grounds*, *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 1999). Thus, D.B.'s claim against Davis was timely filed only if the amended complaint relates back to the filing of the original complaint.

The parties analyze the instant case in light of Federal Rule of Civil Procedure 15(c), which allows relation back of an amended complaint where, *inter alia*, the new party received notice so as not to be prejudiced and knew or should have known that it would have been sued originally but for a mistake concerning its identity. However, this amended complaint was filed in state court. The Federal Rules of Civil Procedure apply to a civil action *after* it is removed from state court. Fed.R.Civ.P. 81(c). Where an amendment occurs in state court and the case is subsequently removed, the issue of relation back of that amendment is governed by the state court's rules of civil procedure. *See Pacific Employers Insurance Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392 (6th Cir. 2002) ("[I]t is the version of the relation-back doctrine embodied in the Kentucky Rules, and not the version embodied in the Federal Rules, that governed the consequences of the filing of the amended complaint" prior to removal.) *See also Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980) (state procedures held applicable because amendment and service of process preceded removal) *and Ratcliff v. Heavy Machines, Inc.*, No. 06-0861-WS-M, 2007 WL 1791646, at *4 (S.D.Ala. 2007) ("As an initial matter, it is clear that Alabama law, rather than federal law, controls the question of whether the Amended Complaint relates back, inasmuch as the amendment predated the removal of this action to federal court.").

On its face, the pertinent Florida Rule sets a lower threshold for relation back, requiring only that the newly asserted claim or defense have arisen from the same conduct, transaction, or occurrence set forth in the original pleading. Fla.R.Civ.P. 1.190(c). As Davis has not addressed

this standard, he has not demonstrated an entitlement to summary judgment. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2013.

                                                                               _____
                                                                               **GREGORY A. PRESNELL**
                                                                               **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties