## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**D.B.,**

      **Plaintiff,**

**v.**                                                            **Case No: 6:13-cv-434-Orl-31DAB**

**ORANGE COUNTY, FLORIDA, JOHN C. DAVIS, JOHN DOES 1-13, JOSH BAILEY,**

      **Defendants.**

## ORDER

This matter comes before the Court on the Renewed Motion for Summary Judgment (Doc. 30) filed by Defendant John Davis ("Davis"), the response in opposition (Doc. 32) filed by the Plaintiff, and the reply (Doc. 31) filed by Davis. The Plaintiff filed this action in state court on December 7, 2012, asserting claims under 42 U.S.C. § 1983 and state law in regard to a sexual assault that occurred on December 8, 2008. (Doc. 1-1 at 5). At the time, the Plaintiff was an inmate in the Orange County Jail. (Doc. 1-1 at 4). Named as defendants in the original complaint were the County, the inmate who committed the assault (Josh Bailey), and 13 "John Doe" defendants. (Doc. 1-1 at 4). The John Doe defendants were identified only as jail employees. (Doc. 1-1 at 4).

On or about February 25, 2013, the Plaintiff filed an amended complaint. (Doc. 2). In the amended complaint, Davis -- a jail guard – was named as a defendant for the first time. Davis removed the case to this Court on March 18, 2013. He now seeks summary judgment on the grounds that the applicable four-year statute of limitations ran before he was first sued.

The Plaintiff does not dispute that the applicable limitations period as to the claim against Davis was four years from the date of the assault. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). However, Plaintiff argues that because the original complaint included claims against John Doe jail employee defendants, and because Davis was a jail employee, the amended complaint should "relate back" to the filing date of the original complaint, bringing it within the four-year deadline.

Florida law does permit relation back of an amended complaint where a plaintiff files a complaint containing a slight defect in the defendant's name. However, Florida law is clear that one may not avoid the operations of the statute of the limitations by bringing suit against a John Doe defendant. Substituting a named defendant for a John Doe defendant is the legal equivalent of filing a new claim. *See*, *e.g.*, *Grantham v. Blount, Inc.*, 683 So. 2d 538 (Fla. 2d DCA 1996) ("In Florida, the filing of a "John Doe" complaint does not commence an action against a real party nor does it toll the statute of limitations."). Counsel for Plaintiff admits as much in the response, noting that the filing of the amended complaint with its claim against Davis was "a good faith attempt to change or further define the state of the law in Florida." (Doc. 32 at 3). The Court finds no grounds for such a change here.

Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 30) is **GRANTED**, and the claim against Defendant John Davis is **DISMISSED.**

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

- 3 -

Counsel of Record
Unrepresented Parties