# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**D.B.,**

**Plaintiff,**

**-vs-**                                                                    **Case No.  6:13-cv-434-Orl-31DAB**

**Orange County, Florida, John C. Davis,**
**Josh Bailey, and John Does 1-13,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S OBJECTION/MOTION TO REVIEW PLAINTIFF'S BILL OF COSTS (Doc. No. 170)** |
| **FILED:** | **December 15, 2014** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |
| **MOTION:** | **MOTION FOR TAXATION OF COSTS AND ATTORNEY'S FEES PURSUANT TO UNACCEPTED PROPOSAL FOR SETTLEMENT (Doc. No. 171)** |
| **FILED:** | **December 15, 2014** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

**The motion to tax costs**

Following entry of judgment for Plaintiff in this action (Doc. 162), Plaintiff filed an Amended

Bill of Costs (Doc. 165-167).  The instant motion for judicial review timely followed, Rule 54(d)(1),

Fed. R. Civ. Pro., and Plaintiff has filed a response (Doc. 179).  For the reasons set forth herein, it is

**respectfully recommended** that the motion for review be **granted, in part and denied, in part**.

Pursuant to 28 U.S.C. §1920:

A judge or clerk of any court of the United States may tax as costs the following:  (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. . . .

28 U.S.C. §1920(1)-(6).  A court may not award costs that exceed those permitted by § 1920.  *See*

*Matthews v. Crosby*, 480 F. 3d 1265 (11th Cir. 2007).

Defendant objects that some of the costs claimed are either insufficiently supported or are

otherwise not properly awardable.  In its response, Plaintiff agrees with a small portion of the

objections and takes issue with the rest.  The Court treats each category, in turn.

*Fees of the Clerk*

Absent objection, the Court should tax the **$434.99** claimed.

*Fees for Service of Summons and Subpoenas*

Plaintiff seeks $1,515.00 for service costs.  The County objects to certain of the charges,

contending: 1) service costs for serving co-defendants is not taxable; 2) fees of over $30 are

excessive;  3) fees for serving Plaintiff's own experts are not recoverable; and 4) fees for witnesses

not called at trial should not be taxed.

Plaintiff concedes that the service costs for serving co-defendants with process ($90) should

be disallowed as a cost taxable to this Defendant, and the Court agrees.  As for service fees greater

than the $30 Defendant claims is reasonable, this circuit allows recovery of fees charged by a private

process server, as long as the fees do not exceed that charged by the Marshal.  *See United States*

*E.E.O.C. v. W. & O., Inc*., 213 F.3d 600, 624 (11th Cir. 2000) (holding "private process server fees

may be taxed pursuant to §§ 1920(1) and 1921."). There is no showing that the fees at issue here ($50 each) exceed those charged by the Marshal or are otherwise unreasonable. This objection should be overruled.

The Court agrees with Defendant that service of subpoenas on Plaintiff's own experts are not chargeable to Defendant. Additionally, although Plaintiff characterizes Patrick Jablonski as a fact witness and not an expert, the service charge is high, even for service in Tennessee. According to the invoices referenced by the parties (Doc. 166, pp. 33-34), each service attempt was billed at $95 each and it appears that two or three attempts were made.[1] Absent a showing as to why the charge was so much more than similar service on other witnesses, even those that required multiple attempts, the Court does not find this to be the "bargain" Plaintiff claims. The Court recommends disallowing the $30 charge for Ms. Rothenberg and the $95 charge for Mr. Vasquez, and reducing the charge for Mr. Jablonski to $50.

The final objection in this category is addressed to the $300 total charge for witnesses not called at trial. Upon review, and bearing in mind the vagaries of a trial, the Court cannot say that it was unreasonable to subpoena these witnesses. This objection should be overruled.

The Court therefore recommends a $350.00 reduction from the $1,515.00 cost for service, leaving an allowed charge of **$1,165.00** in this category.

*Fees for Transcripts*

Plaintiff seeks $17,541.09 for court reporter expense. In addition to standard transcripts, Plaintiff opted to videotape many discovery depositions. The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c). *See*

---

[1]The invoices are not clear as to whether the service referenced at page 34 is a duplicate of the service at page 33.

*Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460, 464-65 (11th Cir.1996). "However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case. *Id*." *Ferguson v. Bombardier Services Corp.*, 2007 WL 601921, at \*3 (M.D. Fla. Feb. 21, 2007).

Here, the Court accepts Plaintiff's showing that the video-charge relating to the Medical Examination was a reasonable expense, necessarily incurred, and should be allowed. The Court is not persuaded, however, that these charges were necessary as to the other witnesses. Although Plaintiff asserts that "videotaping is essential to the determination as to how witnesses will be presented at trial," the Court notes that such technology, while useful, is not "essential."  Cases are routinely tried without video-depositions. Indeed, Plaintiff did not play any of the videotaped depositions at trial here.  On this showing, the Court should allow the charges for written transcripts of the depositions, but should disallow the additional charges for videotape copies. The Court also agrees that the costs for expedition and late fees are not chargeable on this showing, with the exception of the transcript for Cynthia Corrado; a witness added by Defendant right before trial.

Based on the above, the Court **recommends** a reduction of $3,352.60 from this category, for the following:

a. John Davis, video and late fees - $1,051.60 (Doc. 166:38);

b. Oscar Pendleton, video - $335.50 (Doc. 166:39);

c. Celeste Williams, video - $335.50 (Doc. 166:41);

d. Rosby Jones, video - $288.00 (Doc. 166:46);

e. Shirley Strouse, video - $288.00 (Doc. 166:50);

f. Thomas Hungerford & Melanie Monroe, video - $478.00 (Doc. 166:51);

g. Patricia Van Broekhoven, video - $288.00 (Doc. 166:54);

h. Patricia Van Broekhoven, video (again) - $288.00 (Doc. 166:62).

-4-

Total reduction of $3,352.60

Considering the above deductions, the Court recommends an award of **$14,188.49** in this category**.**

*Fees for printing*

As the County does not object, the Court should award the **$363.91** claimed.

*Fees for Witnesses*

Plaintiff seeks $33,543.37 in witness fees, comprised of expert witness fees as follows:

a. Plaintiff's expert Valerie Jenness, 2 days - $11,830.27;

b. Plaintiff's expert Daniel B. Vasquez, 2 days - $13,455.25;

c. Plaintiff's expert Anne Rothenberg, 1 day - $2,850.00;

d. Plaintiff's expert Patrick Jablonski, 2 days - $2,815.45;

e. Defendant's expert Ron McAndrew, 1 day - $1,092.40;

f. Defendant's expert Harry Krop, 1 day - $1,500.00.

(Doc. 167:2).

"The general rule in civil litigation in federal courts is that expert witness fees are not taxable as costs beyond the statutory per diem fee, mileage and the subsistence allowance provided for under 28 U.S.C. § 1821." *National Bancard Corp. v. Visa, U.S.A., Inc.* 112 F.R.D. 62, 66 (S.D. Fla.1986), *citing Henkel v. Chicago, St. Paul, Minnesota & Omaha Ry. Co.*, 284 U.S. 444, 446, 52 S.Ct. 223, 224, 76 L.Ed. 386 (1932); *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir.1985); *Kivi v. Nationwide Mutual Insurance Co.*, 695 F.2d 1285, 1289 (11th Cir.1983); *Green v. American Tobacco Co.*, 304 F.2d 70, 77 (5th Cir.1962). Under the statute:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

(3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

(4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

(d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

(2) A subsistence allowance for a witness shall be paid in an amount *not to exceed the maximum per diem allowance* prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.

28 U.S.C.§ 1821(b) - (d)(2) (emphasis added).  The maximum Orlando lodging allowance per diem

for November 14, 2014, was $115.00, and the subsistence allowance was $56.00. [2]

Applied here, Plaintiff has failed to meet the burden of establishing the appropriate allowances

for fees under this section.   Plaintiff contends:

"Plaintiff reimbursed three expert witnesses (Valerie Jenness, Daniel Vasquez and Ron McAndrew) and one fact witness (Patrick Jablonski) for their reasonable travel costs, which included roundtrip airline fare (coach), reasonable hotel charges, subsistence costs for meals and local transportation. As reflected in Exhibit A4,[3] the Plaintiff seeks to recover $4,481.07 for these witness disbursements."

(Doc. 179, p. 10). As is evident from the receipts attached to the Exhibit, however, it appears that

some of these costs exceed the maximum allowance.  Moreover, it is not clear whether Plaintiff has

---

[2]http://www.gsa.gov/portal/category/100120

[3]The Exhibit is actually attached to the Bill as A5.

included in this amount the statutory attendance fee for travel days and trial.  While the Court does not agree, as Defendant urges, that no reimbursement for travel, meals and transportation is allowable, a clearer showing is required as to the allowable expenses.

Further, the breakdown listed on the Bill (Doc. 167, p.2) appears to include expert witness fees, in addition to the allowable attendance, subsistence and mileage reimbursement/common carrier expense.  Such expert fees are not included in Section 1920 and must be **disallowed**.

Due to the lumping together of allowable expenses with untaxable ones, the Court cannot recommend an award on this showing.  To the extent Plaintiff seeks to tax witness costs, Plaintiff must separate and support the taxable expenses for this category, in subsequent showing.  It is therefore **recommended** that no award be made in this category, **unless** the Plaintiff files a revised paper, setting forth the requested charges under the appropriate standards and, if those charges comply with the above standards, it is recommended that they be included in the cost judgment.

*Fees for exemplification and cost of copies*

Plaintiff claims **$112.75** in costs for copies of documents produced in response to discovery. The Court **recommends** that this amount be taxed.

*Court appointed experts*

Plaintiff seeks to recover the cost of the mediator.  Section 1920 does not include the cost of mediation, and the Court declines to tax it.  No award should be made in this category.

*Other Costs*

Plaintiff seeks $1,734.77 in counsel travel expenses incurred to take the depositions of the expert witnesses in this action. Although Plaintiffs insist that these costs are reasonable and were necessarily incurred, this does not convert an "expense" into a recoverable "cost." Travel expenses for counsel are not authorized by § 1920. *See Mock v. Bell Helicopter Textron, Inc* ., 456 F. Appx.

799, 802 (11th Cir. 2012); *Daughtry v. Army Fleet Support, LLC*, No. 1:11cv153–MHT, 2014 WL

466109, at \*2 (M.D. Ala. Feb. 5, 2014).[4] No award should be made for these expenses.

For the foregoing reasons, it is **respectfully recommended** that the motion for review of the

Bill of Costs be **granted, in part,** and that the Court tax costs in the total amount of **$16,265.14**, plus

the amount of recoverable witness fees (if any), should Plaintiff supplement its Bill in response to this

Report, as set forth above.

### The Settlement Proposal

In this action, Plaintiff asserted claims against the County under 42 U.S.C. §1983 and state

law (negligence).  On May 6, 2014, the County served a Proposal for Settlement in the total amount

of $100,000.00, inclusive of attorneys' fees and costs (Doc. 171-2).  According to the Proposal: "This

Proposal attempts to resolve all claims brought by or which could have been brought by the Plaintiff

in the above-styled action," and shall remain "in force and open" for thirty days from date of service.

*Id.*  Plaintiff did not accept the Proposal.

On September 18, 2014, the District Court granted the County's motion for summary judgment

as to the Section 1983 claim (Doc. 96), and trial was held on the state law claim. The jury returned

a verdict in Plaintiff's favor in the amount of $40,000.00.  Following the entry of judgment on the jury

verdict, Defendant moves to tax attorney's fees and costs pursuant to its unaccepted Proposal for

Settlement under § 768.79, Florida Statutes, "because Plaintiff will not obtain a judgment that is at

least 75% of the amount offered" in the Proposal.  Plaintiff has filed an opposition to the motion (Doc.

---

[4]Plaintiff cites the dicta in *Cullens v. Georgia Dep't of Transportation,* 29 F.3d 1489, 1494 (11th Cir. 1994) that "travel expenses are appropriate expenses under §1920 to the extent they are reasonable."  However, "Courts have consistently limited *Cullens* to provide for the prevailing party's recovery of attorney expenses only in cases subject to § 1988 or § 2000e-5(k)." *Cobb v. City of Roswell, Ga.*, 987 F.Supp.2d 1319, 1327 (N.D. Ga. 2013)(collecting cases). In recent opinion, the Eleventh Circuit has extended this to include ERISA cases. *See Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) ("We therefore hold that reasonable litigation expenses such as mediation, legal research, postage, and travel may be recovered under § 1132(g)(1) if it is the prevailing practice in the legal community to bill fee-paying clients separately for those expenses.") This case falls under neither exception.

178) and the Court has allowed and reviewed a Reply (Doc. 182).  It is **respectfully recommended** that the motion be **denied.**

 "Florida courts have limited the application of § 768.79 in federal civil rights cases under § 1988 to those that are 'frivolous, unreasonable, or without foundation.'" *Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1311 (11th Cir. 2007), *citing Moran v. City of Lakeland*, 694 So.2d 886, 887 (Fla. 2d DCA1997) (holding "section 1988 preempts section 768.79(1)"). The County concedes here that Plaintiff's civil rights claim, although unsuccessful, was not frivolous, but nonetheless contends that the Proposal applies solely to the state law claim, which is not controlled by federal law.  Under the circumstances set forth above, the Court disagrees.

The County's $100,000 proposal was served while **both** the § 1983 and negligence claims were pending. Importantly, the Proposal was directed to *all* claims, necessarily including the pending federal claim, and made no distinction or indication that it was directed solely to the negligence claim. As federal law preempts § 768.79 with respect to the award of fees and costs as to the federal claim (and Defendant has conceded that the federal claim was not frivolous) the Proposal is, at best, ambiguous and cannot support an award here.

The County urges application of the state law as a matter of "fairness."  The Court finds nothing "unfair" about this result. The Proposal was only "open" for thirty days from May 6, 2014 (Doc. 171-1). It therefore expired well before summary judgment on the federal claim was granted. As such, the County's contention that "once summary judgment was granted on September 18, 2014, Plaintiff had the opportunity to reevaluate her options and strategy" is misguided.  Plaintiff never had an opportunity to consider (let alone accept) the proposal with respect to the *sole* claim remaining. The Court rejects the County's contention that a proposal which purports to settle a federal claim **and** a state law claim can be resurrected months after it has expired and recast as pertaining solely to the state law claim.

It is **respectfully recommended** that this motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy